IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAMONE WRIGHT,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

CASE NO. 2:21-CV-50
JUDGE SARAH D. MORRISON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." If it does so appear, the petition must be dismissed. *Id*. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

Petitioner challenges his November 23, 2009 conviction pursuant to his guilty plea in the Franklin County Court of Common Pleas on having a weapon while under disability. The trial court imposed a term of eighteen months incarceration. Petitioner did not file an appeal. He indicates that, in April 2018, the trial court denied his petition for post-conviction relief. (*Petition,* ECF No. 1, PAGEID # 6.) On December 23, 2020, Petitioner executed this *pro se* habeas corpus petition. (PAGEID # 15.) He asserts that his guilty plea is constitutionally invalid

based on the ineffective assistance of counsel (claim one); and that he was convicted on a faulty indictment (claim two). However, it appears that Petitioner's sentence on this charge has long since expired. He is apparently incarcerated at FCI Hazelton on federal charges.

Because his state sentence has expired, this Court lacks jurisdiction to consider Petitioner's claims. A federal habeas corpus petitioner must be "in custody" under the conviction or sentence under attack at the time he files his habeas corpus petition. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–491 (1989) (citing *Carafas v. La Valle*, 391 U.S. 234, 238 (1968); 28 U.S.C. § 2254(a)). "This language is jurisdictional: if a petitioner is not 'in custody' when []he files h[is] petition, courts may not consider it." *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018) (citing *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001); *see also Ferqueron v. Straub*, 54 F. App'x 188, 190 (6th Cir. Dec.13, 2002) ("When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction.") (citing *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. A petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition, however, does not. *Maleng*, 488 U.S. at 492–93. "The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Ferqueron*, 54 F. App'x at 190 (citing *Maleng*, 490 U.S. at 492).

In this action, Petitioner indicates that the state trial court sentenced him to eighteen months incarceration in November 2009. Petitioner's sentence therefore expired long before he filed the instant federal habeas corpus petition. Further, "a federal prisoner generally cannot use

§ 2254 or § 2255 to attack an expired state sentence, even when that sentence enhanced his current federal sentence." *Washington v. Saad*, No. 5:18-CV-566-JMH-HAI, 2018 WL 6313542, at *2 (E.D. Ky. Oct. 22, 2018), *report and recommendation adopted*, 2018 WL 6314568 (E.D. Ky. Dec. 3, 2018) (citing *Daniels v. United States*, 532 U.S. 374 (2001); *Lackawanna,* 532 U.S. at 394; *Steverson*, 258 F.3d at 525). "[T]hree possible exceptions [] would allow federal court review of a state conviction with a fully expired sentence: where the conviction was obtained without the benefit of counsel; "where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented"; and where subsequently obtained compelling evidence demonstrates actual innocence." *Parks v. Knight*, No. 18-3863, 2019 WL 4391455, at *2 (6th Cir. Jan. 4, 2019) (citing *Abdus-Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005)). Petitioner does not allege these circumstances here.

Accordingly, for the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE