IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAMONE WRIGHT,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:21-CV-50
JUDGE SARAH D. MORRISON
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On March 2, 2021, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as without jurisdiction because Petitioner's sentence has completely expired.  (ECF No. 3.)  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation.  (ECF No. 4.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's Objection (ECF No. 4) is **OVERRULED**.  The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner pleaded guilty on November 23, 2009, in the Franklin County Court of Common Pleas to having a weapon while under disability.  The trial court imposed a term of eighteen months' probation.  Petitioner did not file an appeal or otherwise pursue state collateral relief until July 2018, when he filed a post-conviction petition in the state trial court.  The docket of the Franklin County Clerk indicates that, on July 24, 2018, the trial court denied that action.  Petitioner did not file an appeal.  More than two years later, on December 23, 2020, Petitioner

executed this habeas corpus petition.  He asserts that his guilty plea is constitutionally invalid based on the ineffective assistance of counsel and that he was convicted on a faulty indictment.  The Magistrate Judge recommended dismissal of this action because Petitioner's sentence has completely expired such that he is no longer in custody on the underlying conviction he seeks to challenge.  Petitioner is incarcerated at FCI Hazelton on federal charges.  This Court therefore lacks jurisdiction to consider Petitioner's claims.

Petitioner objects to the dismissal of this action.  He asserts that he is actually innocent of the predicate offense of improper handling of a firearm in a motor vehicle as court documents will indicate that the prosecution dropped that charge against him in Franklin County Municipal Court.  Petitioner now also argues that his conviction therefore violates the Double Jeopardy Clause and the Eighth Amendment.  He complains that his attorney performed in a constitutionally inadequate manner and he has been subject to judicial and systematic bias and structural racism.  Petitioner seeks an expungement of his state-court records and requests to be remanded for re-sentencing in his federal case.

Petitioner's Objection is not well-taken.  As discussed by the Magistrate Judge, a federal habeas corpus petitioner must be "in custody" under the conviction or sentence under attack at the time he files his habeas corpus petition.  28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–491 (1989) (citing *Carafas v. La Valle*, 391 U.S. 234, 238 (1968); 28 U.S.C. § 2254(a)).  If a petitioner is not "in custody" on the conviction under attack at the time he files the petition, this Court lacks jurisdiction to consider it.  *See Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018) (citing *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001)).  Further, nothing in the record supports Petitioner's claim that he is actually innocent of the charge against him.

Accordingly, Petitioner's Objection (ECF No. 4) is **OVERRULED**, and the Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court."  *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED.**

**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**